FILED & JUDGMENT ENTERED
Steven T. Salata

August 30 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GEORGE B. HYLER, JR. ) | CASE NO.: 18-10267 |
| ) | Chapter 11 |
| Debtor ) | |
| ) | |

**CONSENT ORDER AUTHORIZING
USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

THIS CAUSE came on to be heard in lieu of a Motion and hearing. The parties have agreed to resolve the matters as set forth below, and it appears to the Court that the terms and conditions are reasonable and appropriate, are in the best interests of the bankruptcy estate and all creditors, and should be approved. The Court, having reviewed the Court's file and upon hearing from counsel as to the consent of the parties with an interest in the matter, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. The Debtor, George B. Hyler Jr. ("Debtor") filed his Voluntary Petition for Relief under Chapter 11 on June 25, 2018 ("Petition Date"). This case remains pending in the Western District of North Carolina and no trustee has been appointed.

2. Debtor is acting as a Debtor-in-Possession in this case.

3. HomeTrust Bank ("HomeTrust") is a duly-scheduled creditor of the Debtor and a party-in-interest.

4. This Court has jurisdiction over the parties and the subject matter. This matter is a core proceeding under 28 U.S.C. § 157.

## ORANGE STREET PROPERTY

5. Debtor is the owner of real property at 38 Orange Street, Asheville, North Carolina 28801 ("Orange Street Property"). The lower floor of the Orange Street Property is occupied by a tenant – the Debtor's law firm, Hyler & Lopez, P.A. – under a lease. The upper floor of the Orange Street Property is currently vacant, but the Debtor is seeking to lease it to a new tenant. The Orange Street Property is part of the Debtor's bankruptcy estate.

6. The Orange Street Property is encumbered by a Deed of Trust in favor of HomeTrust dated April 28, 2016 and recorded in Book 5431, at Page 1219 of the Buncombe County Registry. The Deed of Trust contains, among other things, assignment of leases and rents provisions assigning certain rights to HomeTrust in the rents and other proceeds of the Orange Street Property.

7. Hyler & Lopez, P.A. pays Debtor monthly rent of $4,000.00 for the use of the Orange Street Property for its business operations.

## AIRPORT ROAD PROPERTY

8. Debtor also owns real property at 330 Airport Road, Asheville, North Carolina ("Airport Road Property") occupied by a tenant – an Aldi grocery store – under a lease. The Airport Road Property is part of the Debtor's bankruptcy estate.

9. The Airport Road Property is encumbered by an Assignment of Leases and Rents dated November 30, 2007, recorded in Book 5076, at Page 1896 of the Buncombe County Registry, assigning certain rights to HomeTrust in the rents and other proceeds of the Airport Road Property.

10. HomeTrust collects the rents from the Airport Road Property directly from the tenant under a Loan Modification Agreement executed by Debtor

and others dated April 28, 2016. In accordance with the parties' loan documents, HomeTrust has applied these rents to payment of Debtor's loan with HomeTrust that is assigned account number ending in 9738 ("Loan 9738") and reflected in HomeTrust's Proof of Claim in this case assigned Claim No. 2.

11. The tenant at the Airport Road Property pays HomeTrust monthly rent of $7,141.00 for the use of the Airport Road Property for its business operations.

## TREATMENT OF CASH COLLATERAL

12. The rents and other proceeds from the Orange Street Property and the Airport Road Property are HomeTrust's cash collateral within the meaning of 11 U.S.C. § 363(a) ("Cash Collateral").

13. The Debtor agrees that HomeTrust shall retain its liens on all pre-petition collateral and HomeTrust is hereby granted replacement liens upon all collateral of the type and kind upon which it has and had a pre-petition lien, including the Cash Collateral, to the same extent, priority, and validity as it had on the Petition Date.

14. HomeTrust agrees that Debtor may continue collecting the rents from Hyler & Lopez, P.A. and any other tenant at the Orange Street Property and using them to pay his expenses, as set forth in his Statement of Financial Affairs, subject to his obligations under the Bankruptcy Code and the orders of this Court.

15. Debtor agrees that HomeTrust may continue collecting the rents from the tenant at the Airport Road Property and applying them to Loan 9738 in accordance with the parties' loan documents.

16. Debtor and HomeTrust desire that this Consent Cash Collateral Order be entered to (1) authorize Debtor to continue collecting the rents from the Orange Street Property and using them in accordance with his obligations under the Bankruptcy Code and the orders of this Court, and (2) authorize HomeTrust to continue collecting the rents from the Airport Road Property and continue applying

those rents to Loan 9738 in accordance with the terms of the parties' loan documents.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The rents and other proceeds generated by the Orange Street Property and the Airport Road Property are HomeTrust's Cash Collateral within the meaning of 11 U.S.C. § 363(a).

2. HomeTrust is authorized to continue collecting the rents from the Airport Road Property and continue applying those rents to Loan 9738 in accordance with the terms of the parties' loan documents.

3. Debtor is authorized to continue collecting the rents from the Orange Street Property and using them in accordance with his obligations under the Bankruptcy Code and the orders of this Court.

4. To the extent Debtor uses HomeTrust's Cash Collateral and the value of HomeTrust's claimed interest in Cash Collateral is diminished as a result of such use, HomeTrust is hereby granted replacement liens upon all collateral of the type and kind so used, upon which it has and had a pre-petition lien to the same extent, priority, and validity as it had on the Petition Date. Such replacement liens are subject only to valid liens existing as of the Petition Date. Such replacement liens are deemed perfected without the need for any further action by HomeTrust, effective *nunc pro tunc* as of the Petition Date.

5. This Order is without prejudice to the rights of any party, including any subsequently appointed Trustee. Any party may seek further consideration of the relief granted in this Order or other cash collateral issues by filing a request with the Court and providing appropriate notice.

6. Nothing in this Order shall waive any rights of any creditor, including HomeTrust, unless expressly provided for herein. Nothing in this Order shall waive any rights of HomeTrust to file motions for other relief in this case or

objections to motions filed in this case.

7. The rights and obligations arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights and obligations arising under the terms and conditions of the parties' loan documents.

CONSENTED TO:

HOMETRUST BANK

By: */s/ Lance P. Martin*_____
    Lance P. Martin, Esq.
    N.C. State Bar I.D. No.:  027287
    E-mail:  lpm@wardandsmith.com
    Ward and Smith, P.A.
    Post Office Box 2020
    Asheville, NC  28802-2020
    Telephone:  828.348.6070
    Attorneys for HomeTrust Bank


GEORGE B. HYLER JR.

By: */s/ Cole Hayes*_____
    Cole Hayes, Esq.
    N.C. State Bar I.D. No.:  44443
    Email: chayes@mwhattorneys.com
    Moon Wright & Houston, PLLC
    121 West Trade Street, Suite 1950
    Charlotte, NC 28202
    Telephone: (704) 944-6560
    Attorneys for George B. Hyler Jr.


This Order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of the Order.                    United States Bankruptcy Court